IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Northern Division)

| | |
|---|---|
| DEREK MCCOY, *on behalf of himself and others similarly situated*,<br><br>*Plaintiff*,<br>v.<br><br>ALACRITY ADJUSTING SOLUTIONS, LLC<br><br>*Defendant*. | Case No. 3:23-cv-216-DPJ-FKB<br><br>COLLECTIVE ACTION COMPLAINT<br>29 U.S.C. § 216(b)<br><br>JURY DEMAND |

## COMPLAINT

Plaintiffs Derek McCoy ("Plaintiff"), on behalf of himself and others similarly situated, files his complaint against Defendant Alacrity Adjusting Solutions, LLC ("Alacrity") and alleges as follows:

### NATURE OF THE CLAIMS

1. The Fair Labor Standards Act of 1938 ("FLSA") guarantees that covered employees receive overtime pay, at the rate of time-and-a-half, when they work more than 40 hours per week.

2. Pursuant to *Helix Energy Solutions Group, Inc. v. Hewitt*, 143 S. Ct. 677 (2023), employees who are paid "solely on a daily rate" are—and always have been, since before 2017—entitled to overtime pay for all hours worked in excess of 40 hours in a work week.

3. Plaintiff brings this action, on behalf of himself and others similarly situated, to recover liquidated damages for unpaid wages and overtime under the FLSA, 29 U.S.C. § 201, *et seq*.

4. Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated persons who were/are

employed by Alacrity as "team leads" for the period of March 28, 2021 to the final disposition of this action (the "Class Period"). Plaintiff, and the similarly situated persons he seeks to represent in this collective action, constitute the "FLSA Class."

5. The FLSA Class members are similarly situated persons because Alacrity paid them as "day rate" employees, subjected them to the same policies, terms and conditions of employment by Alacrity, denied payment of overtime hours worked pursuant to a common policy or practice of Alacrity, and denied compensation for all hours worked pursuant to a common policy or practice of Alacrity.

## PARTIES AND FLSA CLASS DEFINITION

6. Plaintiff Derek McCoy is an adult citizen of the State of Mississippi, was employed as a "team lead" for Alacrity during the Class Period, and performed work for Alacrity in Mississippi and throughout the United States.

7. Defendant Alacrity Adjusting Solutions, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 303 Timber Creek, Hammond, Louisiana 70403. It may be served with process through its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

8. Upon information and belief, Alacrity's sole member is Alacrity Claims Solutions, LLC ("Alacrity Claims Solutions"). Alacrity Claims Solutions is a limited liability company organized under the laws of Delaware with its principal place of business at 9725 Windermere Boulevard, Fishers, Indiana 46037.

9. The FLSA Class is comprised of all "team leads" employed by Alacrity in its property and automobile claims adjusting departments from March 28, 2021 through the final determination of this action. As set forth more fully below, Alacrity paid (and pays) its team

leads a "day rate" irrespective of the numbers actually worked in any given day or in any given week.

10. Plaintiff proposes the following FLSA Class definition:

> All "team leads" employed by Alacrity Adjusting Solutions, LLC in its property claims adjusting department or automobile claims adjusting department who were paid a "day rate" for work performed at any time and for any duration of employment since March 28, 2021.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves federal questions regarding Plaintiff's and the FLSA Class's entitlement to full payment for all hours worked and for overtime pay for all hours worked exceeding 40 hours in a work week.

12. This Court has personal jurisdiction over Alacrity because it transacts business in Mississippi and Plaintiff's claims arise from Alacrity's contacts with the forum state.

13. Venue is proper in this district under 28 U.S.C. § 1391 because events, acts, or omissions giving rise to this action occurred in the Southern District of Mississippi, from where Plaintiff performed work for Alacrity. Alacrity routinely corresponded with Plaintiff in this district, directed Plaintiff to perform work for Alacrity from within this district, paid wages to Plaintiff in this district, and failed to pay overtime wages to Plaintiff for work performed in this district.

## GENERAL ALLEGATIONS

14. Alacrity is an independent adjuster firm in the property and automobile insurance industry.

15. Alacrity contracts with insurance companies. Pursuant to those contracts, Alacrity allocates and directs its employees to perform claims adjusting services for those insurance companies.

16. Among others, Alacrity employs "claims adjusters" and "team leads." Team leads manage claims adjusters and perform claims adjusting services.

17. Insurance companies pay Alacrity a flat "day rate" for claims adjusters and team leads. Although these day rates vary, insurance companies typically pay Alacrity $680 - $725 per day for claims adjusters and over $1000 per day for team leads.

18. Alacrity, in turn, pays its claims adjusters on an hourly-rate basis that correlates to the hours the claims adjusters actually worked in any given day or week, but it employs a different compensation scheme for its team leads.

19. Alacrity pays its team leads a flat day rate irrespective of hours worked in a given day or week. Team leads receive no other forms of compensation and, as wage-earning employees, they are not entitled to take business deductions for expenses they personally incur in performing work for Alacrity.

20. Alacrity employed Plaintiff as a team lead from October 2021 to December 2021 and from May 2022 to March 2023, for a grand total of at least 14 months.

21. During the Class Period, Alacrity paid Plaintiff a day rate of $500 per day and, later, a day rate of $525 per day. Day rates paid to the FLSA Class were and are substantially similar to Plaintiff's day rate.

22. Alacrity paid Plaintiff that day rate irrespective of the number of hours Plaintiff actually worked on any given day or in any given week.

23. If Plaintiff did not work on a particular day, Alacrity paid him nothing. If Plaintiff worked one hour on a particular day, Alacrity paid him $500 (or $525). If Plaintiff worked 12 hours on a particular day, Alacrity paid him $500 (or $525).

24. During the Class Period, Plaintiff worked on average at least 75 hours per week, such that, on average, Alacrity should have paid Plaintiff at least 35 hours of overtime every week.

25. During one period of employment with Alacrity, Plaintiff worked at least 70 days straight without a day off, and he worked a minimum of 12 hours on each of those days.

26. The FLSA Class also regularly worked more than 40 hours per week but, like Plaintiff, were paid only a day rate irrespective of hours actually worked and were not paid overtime.

27. For a 40-hour, five-day workweek, Plaintiff's hourly rate of pay equals $65.63 per hour.

28. At the statutory rate of time-and-a-half, Plaintiff's overtime rate would equal $98.44 per hour.

29. Over a 14-month (57-week) period, Plaintiff worked at least 1,995 hours for which he should have been paid overtime. Therefore, Plaintiff was entitled to at least $196,387.80 in overtime wages, which Alacrity refused or failed to pay him.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated persons who are/were employed by Alacrity as team leads in its property and automobile claims adjusting departments.

31. The basic job duties of the FLSA Class were/are the same or substantially similar to those of Plaintiff, and the members of the FLSA Class were/are paid in the same manner and under the same terms and conditions, common policies, plans, and practices as Plaintiff.

32. The FLSA Class, like Plaintiff, have been subject to the same unlawful policies, plans and practices of Alacrity, including paying the FLSA Class a day rate without regard to number of hours actually worked in a day or in a week and by failing to pay the FLSA Class overtime wages.

33. During the Class Period, Alacrity was aware of its obligations under the FLSA and knowingly engaged in the allegations set forth herein.

34. Alacrity was aware of its obligations under the FLSA because, among other things, the Court of Appeals for the Fifth Circuit decided *Helix* in December 2020, which clearly and unambiguously held that employers who were paid a day rate were entitled to overtime wages. Nevertheless, Alacrity persisted in undercompensating the FLSA Class, failed to true up any earned but unpaid wages, and continued—and continues to this day—to pay the FLSA Class on a daily rate without compensating the FLSA Class for overtime wages.

35. As a result of Alacrity's conduct alleged here, it violated 29 U.S.C. § 207 by failing to pay Plaintiff and the FLSA Class for overtime wages at the rate of time-and-a-half for all hours worked in excess of 40 hours during a work week.

36. Alacrity's violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and they significantly damaged Plaintiff and the FLSA Class.

37. As a result of its conduct, Alacrity is liable to Plaintiff and the FLSA Class for the full amount of their unpaid wages, including liquidated damages and attorneys' fees and costs, incurred by Plaintiff and the FLSA Class in pursuing this action.

38.     The FLSA Class is comprised of at least 26 employees in Alacrity's property claims adjusting department and at least that many, or more, employees in Alacrity's automobile adjusting department. The actual number could be greater.

39.     Accordingly, Alacrity should be required to provide Plaintiff with a list of all persons employed by Alacrity as team leads during the Class Period, along with their last known address, telephone numbers, and email addresses so Plaintiff and his counsel may provide the FLSA Class notice of this action and an opportunity to make an informed decision about whether to participate in this FLSA Collective Action.

## **COUNT ONE**

### **FAILURE TO PAY OVERTIME**
### **29 U.S.C. § 207**

40.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41.     The FLSA requires covered employers, such as Alacrity, to pay all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per work week.

42.     Alacrity did not pay Plaintiff and the FLSA Class for all hours worked, including for hours that exceeded 40 hours per work week.

43.     Plaintiff and the FLSA Class were not and are not exempt from the provisions of the FLSA.

44.     Plaintiff and the FLSA Class were employees of Alacrity during the Class Period.

45.     Alacrity's violations of the FSLA, including its failure to pay Plaintiff and the FLSA Class for overtime hours worked, were both knowing and willful within the meaning of the FLSA—particularly because, among other things, the Court of Appeals for the Fifth Circuit

held in December 2020 that employees paid a daily rate are entitled to overtime wages for all hours worked in excess of 40 hours in a work week. *See Helix*, 983 F.3d 789 (5th Cir. 2020); *see also Helix*, 15 F.4th 289 (5th Cir. 2021) (en banc), *aff'd by Helix*, 143 S. Ct. 677 (2023).

46. Alacrity's violations of the FLSA have significantly damaged Plaintiff and the FLSA Class and entitle them to recover the total amount of their unpaid wages and overtime wages, including an additional amount in liquidated damages, attorneys' fees, and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

47. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

48. As a direct and proximate result of Alacrity's knowing and willful violations of the FLSA, Plaintiff and the FLSA Class have been damaged and are entitled to relief as follows:

   a. An award of amounts equal to the number of overtime hours worked during the Class Period, multiplied by one and one-half times the calculated hourly rate, for Plaintiff and each member of the FLSA Class, plus pre- and post-judgment interest;

   b. An award of liquidated damages because Alacrity's violations were willful and/or without a good faith basis;

   c. An award of reasonable attorneys' fees, plus costs and expenses, incurred in prosecuting this action;

   d. A declaration that this action be maintained as a collective action pursuant to 29 U.S.C. § 216, and order Alacrity to provide Plaintiff with a list of all persons who were/are engaged by Alacrity as "team leads" during the Class Period,

including all last known addresses, telephone numbers, and email addresses so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it; and

e.  Award any additional relief and damages permitted by the law and/or deemed just and proper by this Court.

## JURY DEMAND

49.  Plaintiff demands a jury on all issues so triable.

\* \* \* \*

Dated: March 28, 2023

Respectfully submitted,

**DEREK MCCOY, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED**

/s/ *Chadwick M. Welch*
Chadwick M. Welch (MSB No. 105588)
HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel. 601.790.1588
Fax 601.707.3075
Email: cwelch@hpwlawgroup.com

*One of his attorneys*

OF COUNSEL:

C. Maison Heidelberg (MSB No. 9559)
HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel. 601.790.1588
Fax 601.707.3075
Email:  mheidelberg@hpwlawgroup.com

Judson M. Lee (MSB No. 100701)
Judson M. Lee, PLLC
2088 Main Street, Suite A
Madison, Mississippi 39110
Tel. 601.707.9711
Fax 601.707.7509
Email: jlee@ms-lawyer.net